No. 26150

The People of the State of Colorado v.
Larry Enoch Trujillo
(521 P.2d 769)

Decided April 22, 1974.

J. E. Losavio, Jr., District Attorney, Charles Malouff, Deputy, for plaintiff-appellant.

No appearance for defendant-appellee.

MR. JUSTICE DAY delivered the opinion of the Court.

This is an appeal by the People from the granting of a motion for a directed verdict of acquittal.

On March 22, 1973, the Pueblo County grand jury indicted Larry E. Trujillo, Chief Probation Officer of the Tenth Judicial District for the crime of "officer purloining records," 1967 Perm. Supp., C.R.S. 1963, 40-7-9. The indictment charged that the defendant, a probation officer, made application for the position of Chief Probation Officer on September 18, 1970, and that the application form submitted contained two material falsities: (1) that defendant had received a high school degree — when in fact he had not; (2) that he had only one period of military service — when in fact, in addition to service in the Air Force, he had spent a brief time in the Marine Corps. These allegations remain undisputed on appeal.

Following the presentation of the People's case, the defense moved for acquittal on the ground that the crime charged had not been committed. The court granted the motion. We agree and therefore affirm the trial court's judgment of acquittal.

I.

Trujillo was charged under 1967 Perm. Supp., C.R.S. 1963, 40-7-9:

16

"Officer purloining records — penalty. If any judge, sheriff, coroner, clerk, recorder, or other public officer, or any person whatsoever, shall steal, fraudulently convert, alter, corrupt, withdraw, falsify, or avoid, any record, process, charter, gift, grant, conveyance, bond, or contract, or shall knowingly and willfully take off, discharge, or conceal any issue, forfeited recognizance, or other forfeiture, or shall forge, deface, or falsify any document or instrument recorded, or any registry, acknowledgment, or certificate, or shall alter, deface, or falsify any minute, document, book, or proceeding whatever, *of or belonging to any public office within this state,* the person so offending upon conviction shall be punished by confinement in the state penitentiary for a term not less than one year nor more than seven years." (Emphasis added.)

 The specific allegations contained in the indictment were that the application for employment was a falsification of an official public record which corrupted a public proceeding. The trial court held as a matter of law that the application (1) was not a public record because it was confidential; (2) was not a public record since it was not required by law that the record be kept on file. With regard to the first ground for dismissal, we see no authority for imposing the limitation that criminal liability for a violation of Section 40-7-9 hinges on whether the document is open to public inspection, *see* 1969 Perm. Supp., C.R.S. 1963, 113-2-1 *et seq.,* and express no opinion as to the second ground for dismissal. In our view, the critical words of the statute in conflict with the evidence here are those which require that the records are "of or belonging to any public office within this state." The statute under consideration here does not, as in the federal statutes, for example, make it unlawful and punishable to make false statements to public officers or agencies.

II.

In discerning the meaning to be given this phrase, there seems to be a paucity of prior authority. This statute has been in effect since the days of the Colorado territory, yet

only two cases interpreting its meaning have been decided by this court. In *Downing v. Brown,* 3 Colo. 571 (1877), it was held that a personal book kept by a probate judge for his own information and convenience which contained records not germane to his office was not a public record. That holding is clearly consistent with the requirement that record or document *belong* to a public office.

Similarly, in *Shimmel v. People,* 108 Colo. 592, 121 P.2d 491 (1942), we held that *unused* civil service examinations are not records of public office. The rationale for the holding in *Shimmel,* equally applicable here, was that the statute was designed to inhibit the *alteration of records which were prepared by, and in, the custody of a public agency.* This explains, of course, why it is limited in application to public offices. Indeed, in passing on the character of the civil service examinations, the *Shimmel* case noted:

"* * * Clearly, the statute includes records *in* the office of any judge, justice of the peace, sheriff, coroner, clerk, recorder or any other public office of a similar kind or character. * * *" (Emphasis added.)

The alleged misrepresentations were made in the application prior to its being placed into the files and records of the Colorado Judicial Department.

Summarizing, then, we hold that a violation of Section 40-7-9 occurs only where a person falsifies or otherwise corrupts a record which is in, or is required by law to be in, the custody or control of a public agency at the time of falsification. The statute does not apply to a situation like that present here, where, when falsified, the application for the position sought did not belong to any public office within this state.

The judgment is affirmed.

MR. JUSTICE GROVES does not participate.