## No. 26216

**The People of the State of Colorado v. Larry E. Trujillo, Sr., a/k/a Larry Enoch Trujillo, a/k/a Larry E. Trujillo**

(536 P.2d 46)

Decided June 2, 1975.

24

John P. Moore, Attorney General, John E. Bush, Deputy, Donna A. Maranchik, Assistant, Mary J. Mullarkey, Assistant, J. E. Losavio, Jr., District Attorney, Patricia Robb, Deputy, Charles J. Malouff, Deputy, for plaintiff-appellee.

Kettelkamp and Vento, P.C., W. C. Kettelkamp, Jr., for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE DAY.

This is an appeal from defendant-appellant's conviction under the "Abuse of Public Records" statute, 1971 Perm. Supp., C.R.S. 1963, 40-8-114.[1] The judgment is reversed.

Defendant presented to Southern Colorado State College an application for admission containing some inaccuracies. Subsequently a Pueblo County grand jury in addition to the charge on which he was convicted also indicted defendant on another count: Offering a false instrument for recording, 1971 Perm. Supp., C.R.S. 1963, 40-5-114.[2] He was acquitted on that count.

The evidence at trial indicated that there were three incorrect items of information supplied by defendant in his application for admission:

(1) In response to an inquiry regarding duty in the armed services, defendant failed to note that he had served 28 days in the U.S. Marine Corps in March 1958, followed by an honorable discharge for being underage. (However, defendant did correctly report his four years of service in the U.S. Air Force.)

(2) In response to an inquiry about the high school he attended, defendant listed "McCurdy from 1954 to 1956." (The evidence adduced at trial revealed that McCurdy School provided both elementary and secondary education; and defendant attended the eighth grade at McCurdy during 1955-56 and completed one semester of the high school division during the years 1956-57.)

(3) In response to an inquiry regarding felony or misdemeanor convictions, defendant answered "None." At trial he admitted having paid a

---

[1] Now section 18-8-114, C.R.S. 1973.
[2] Now section 18-5-114, C.R.S. 1973.

$200 penalty assessment ticket for unlawful possession of a deer two years prior to the date of the application.

Witnesses from the college testified that the information was not material to defendant's college entrance and that the discrepancies, even if known, would not have affected his being accepted for enrollment.

The statute alleged to have been violated reads:

"*Abuse of Public Records.* (1) A person commits a class 1 misdemeanor, if:

"(a) He knowingly makes a false entry in, or falsely alters any public record; or

. . . .

"(2) As used in this section, the term 'public record' includes all official books, papers, or records created, received, or used by or in any governmental office or agency."

The case at bar raises issues similar to those considered in *People v. Trujillo,* 185 Colo. 14, 521 P.2d 769 (1974), wherein we held:

". . . a violation of Section 40-7-9 occurs only where a person falsifies or otherwise corrupts a record which is in . . . the custody or control of a public agency *at the time of falsification.* The statute does not apply to a situation like that present here, where, when falsified, the application for the position sought did not belong to any public office within this state." (Emphasis added.)

Although the statute was amended slightly from its predecessor after the first Trujillo prosecution, we reject the People's contention that the statute proscribes falsifications of materials *prior to* as well as after they become part of the records of a public office. The falsification applies to records "*created, received,* or *used* by" a governmental office. (Emphasis added.) If the legislature had intended the statute to apply to a situation such as that in the instant case, then future tense verbs would have been used. Also, the defendant was acquitted of "offering a false instrument" which clearly covers documents altered or falsified "prior" to becoming a public record. The section in question here was not meant to cover the same offense. Therefore, we hold that section 40-8-114 applies only to records *after* they are "created, received, or used" by a public office.

The judgment is reversed and the charge is dismissed.

MR. JUSTICE HODGES, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.